WALTER T. TARKA & another *vs.* COMMONWEALTH. November 1, 1971. The Tarkas' property (the locus), used as a gasoline station, formerly directly adjoined Route 10. After a relocation of that route about 200 to 250 feet away from the locus, the locus could be reached from Route 10 and the general highway system only by two connecting roads forming a loop to the east of Route 10 past the locus. The locus became much less desirable than theretofore for a gasoline station. There was evidence that, for about six months during construction, traffic was obstructed in, or prevented from, reaching the locus, that the market value of part of the locus was substantially reduced by the relocation, and that its most valuable use became residential rather than commercial. On this petition (G. L. c. 79 and c. 81), the jury assessed damages which suggest strongly that their award was based upon the permanent diminution in value by the relocation rather than on the interruption of access during construction. The Commonwealth's only exception, however, is to the judge's refusal to direct a verdict. The bill of exceptions states that "no question of damages is involved" and we are "not asked to review . . . [the] evidence" on damages. We have no occasion to consider various decisions relied upon by the parties or some of them. See *Tassinari* v. *Massachusetts Turnpike Authy.* 347 Mass. 222, 224–225. See also *Wine* v. *Commonwealth,* 301 Mass. 451, 458–459; *Betty Corp.* v. *Commonwealth,* 354 Mass. 312,

318–319.   The Tarkas, in any event, were entitled to recover for the substantial temporary obstruction of access.   Any claim that the damages were excessive is an issue not presented to us on this record.   The evidence permitted the jury to find for the Tarkas in some amount.   A verdict could not properly have been directed for the Commonwealth.

*Exceptions overruled.*

*Kevin P. Curry,* Assistant Attorney General (*Sidney Smookler,* Assistant Attorney General, with him), for the Commonwealth.
*John J. Egan* (*James F. Egan* with him) for the petitioners.